UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAMERON KEMP                                          CIVIL ACTION NO. 25-cv-1455

VERSUS                                               JUDGE VAN HOOK

CITY OF SHREVEPORT ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Cameron Kemp ("Plaintiff") filed this civil action against the City of Shreveport and other defendants based on allegations of an unlawful demolition and related matters. Plaintiff made efforts to serve the several defendants, who responded with motions to dismiss (Docs. 23 & 20) for insufficient service.  The motions pointed out various flaws in the service attempts made by Plaintiff.

Plaintiff responded with various legal arguments, with his primary argument being that actual notice to the defendants was sufficient. That is not a valid argument.  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  Murphy Bros. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1326 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. at 1327.  A "defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988); Ayika v. Sutton, 378 Fed. Appx. 432, 434 (5th Cir. 2010). Without going into detail, it appears that Plaintiff's other arguments also lack merit.

Plaintiff filed this civil action September 26, 2025, and the court immediately issued an order (Doc. 5) that advised Plaintiff of his obligation to serve the defendants within the 90 days allowed by Fed. R. Civ. Pro. 4(m).  The deadline was the next business day after December 25, 2025.  The defendants ask that the court find Plaintiff's attempts at service are invalid and dismiss his complaint due to the lack of timely service.  Plaintiff asks that— if the court finds service invalid—he be allowed additional time to cure the deficiencies.

Rule 4(m) provides that if a plaintiff shows good cause for the failure to make timely service, the court must extend the time for service for an appropriate period. "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).  Just as defaults are not favored, it is also preferred that claims be resolved on the merits rather than procedural shortcomings that cause little or no prejudice to the defendants.

In these circumstances, the court exercises its discretion to extend the Rule 4(m) period for completing valid service until **April 24, 2026**.  Plaintiff may attempt to make valid service of a summons and his complaint (as amended) on the various defendants and file proof of that service by the deadline.  After the deadline, the court will take up the motions to dismiss or, if Plaintiff has filed new service returns, consider issuing additional instructions.

The motions to dismiss pointed out the shortcomings in Plaintiff's prior efforts and, in some cases, explained how to make proper service on a defendant.  Plaintiff should pay attention to those suggestions and make every effort to complete service in accordance with

Rule 4 or Louisiana law. No additional extension will be granted absent a showing of good cause.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of March, 2026..

Mark L. Hornsby
U.S. Magistrate Judge