UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAMERON KEMP | CIVIL ACTION NO. 25-cv-1455 |
| VERSUS | JUDGE VAN HOOK |
| CITY OF SHREVEPORT ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Cameron Kemp ("Plaintiff"), who is self-represented, filed this civil action against the City of Shreveport and other defendants based on allegations of an unlawful demolition and related matters. Plaintiff made efforts to serve the several defendants, who responded with motions to dismiss (Docs. 23 & 20) for insufficient service. The court entered an order (Doc. 32) that extended the time to complete service until April 24, 2026. Plaintiff made additional efforts at service, after which defendant Erik Mack filed a Motion to Dismiss (Doc. 49) and defendants Glynn Young and Hammerman & Gainer, LLC filed a Motion to Dismiss (Doc. 51). Both of the new motions challenged the adequacy of service. Some of the defendants who joined Mack's earlier motion to dismiss did not renew their objections in his second motion and filed an answer. For the reasons that follow, it is recommended that the four pending motions be granted and that all claims against Mack, Young, and Hammerman & Gainer be dismissed.

**Procedural History**

Plaintiff responded to the original motions to dismiss with various arguments, with his primary argument being that actual notice to the defendants was sufficient. The court explained in a memorandum order (Doc. 32) that this is not a valid argument. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros. v. Michetti Pipe Stringing, Inc., 119 S.Ct. 1322, 1326 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. at 1327. A "defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988); Ayika v. Sutton, 378 Fed. Appx. 432, 434 (5th Cir. 2010).

The court explained that Fed. R. Civ. Pro. 4(m) requires service on the defendants within 90 days of filing the complaint. The court must extend the time for service for an appropriate period if a plaintiff shows good cause, and the court has discretion to extend the time even if the plaintiff lacks good cause. Thrasher v. City of Amarillo, 709 F.3d 509, 510 (5th Cir. 2013). Plaintiff did not show good cause, but the court exercised its discretion to extend the Rule 4(m) period until April 24, 2026. The court's order noted that the motions to dismiss pointed out to Plaintiff the shortcomings in his prior efforts and, in some cases, explained how to make proper service on a particular defendant. The court advised Plaintiff to pay attention to those suggestions and make every effort to complete service in accordance with Rule 4 or Louisiana law. He was warned: "No additional extension will be granted absent a showing of good cause."

Plaintiff filed additional service returns. Afterward, three of the defendants who joined in one of the original motions to dismiss—City of Shreveport, City's Property Standards Office, and Terrence Green—filed an answer (Doc. 41) that does not raise a service-based defense. Accordingly, that motion to dismiss (Doc. 23) is moot with respect to those three defendants. Erik Mack is the only other defendant who joined in that motion to dismiss, and he has now filed a second motion that continues to challenge service. Glynn Young and Hammerman & Gainer filed the other original motion and have also filed a new motion to dismiss that challenges the more recent efforts to serve them.

**Plaintiff's Burden**

"The plaintiff is responsible for having the summons and complaint served" within the time allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 4(c)(1) & 4(m). Where service of process is challenged, the serving party has the burden of proving its validity or good cause for failure to effect timely service. Sys. Signs Supplies v. U.S. Dep't of Just., 903 F.2d 1011, 1013 (5th Cir. 1990). Absent waiver of service, "proof of service must be made to the court. Except for service by a U.S. marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. Pro. 4(l)(1). Jordan v. Am. Sec. Ins. Co., 2026 WL 131984, *1 (5th Cir. 2026).

**Erik Mack**

The complaint names Erik Mack as a defendant in both his personal and official capacities. Where a defendant is sued in both his individual and official capacities, he is entitled to receive service of process in both capacities. "Service in one capacity does not

confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." Green v. City of Monroe, 2023 WL 2773543, *5 (W.D. La. 2023).

An individual may be served by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering the summons and complaint to the individual personally; (B) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4(e). Louisiana law has similar rules that provide for service on an individual personally, at his dwelling, or through a legal representative. La. C.C.P. arts. 1232, 1234, & 1235.

Service on a defendant who is sued in his official capacity must be made under Fed. R. Civ. Pro. 4(j) because suing a government official in his official capacity is ultimately a suit against the government entity he serves. Thomas v. Sticker, 2025 WL 1142417, *3 (E.D. La. 2025). Rule 4(j)(2) states that a municipal corporation or other state-created governmental organization must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Louisiana law provides: "A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." La. C.C.P. art. 1265.

Plaintiff's first attempt at service on Erik Mack is reflected in a "Proof of Service" in which the server wrote, under penalty of perjury, that she served Mack on December 29, 2025 by serving at 1025 Shreveport Barksdale Highway in Shreveport an unidentified "registered agent" designated by law to accept service on behalf of the City of Shreveport's Property Standards Office (but not Mack). Mr. Mack stated in a declaration, made under penalty of perjury in accordance with 28 U.S.C. § 1746, that he has not received a copy of the summons or the complaint by personal service and that he "has not appointed anyone as his agent to accept service of process on his behalf." Doc. 49, Ex. A. Terrence Green submitted a declaration in which he stated that Erik Mack does not reside at the 1025 Shreveport Barksdale address at which the server indicated this summons was delivered. Green added that Erik Mack "was not employed by the City of Shreveport on December 23, 2025." Doc. 23, Ex. A.

After the court extended the time for Plaintiff to effect service, Plaintiff reported that he attempted to serve Mack at his office in Property Standards, but he learned that Mack was no longer employed at that office. The court prompted the City to file under seal a copy of Mack's last known physical address and other contact information, such as his current place of employment. Doc. 36. The City filed under seal a letter that listed a street address in Shreveport and stated, "Mr. Mack is employed by Mayfair Management Group." Doc. 37.

Plaintiff's next attempt at service on Mr. Mack is reflected by a Proof of Service dated April 23, 2026. The server stated that she "personally served the summons" on Mack at the Shreveport mayor's office. The server also completed the portion of the return for

service on an agent by stating that the summons was delivered to Mary Rounds, who is allegedly designated by law to accept service on behalf of the City of Shreveport. Doc. 39, p. 10. Plaintiff also submitted a Proof of Service dated April 23, 2026 in which the server wrote that she served the summons on Mayfair Management Group at an address in Dallas, Texas, which was alleged to be designated by law to accept service on behalf of Erik Mack. A certified mail receipt attached to the return indicates that an item was mailed to Mayfair Management.

Plaintiff's original effort to serve Mack through an alleged registered agent at the City's Property Standards Office was not valid service. The papers were not delivered to Mack personally, the address was not his dwelling, and Mack has specifically denied that he ever appointed anyone as his agent to accept service. The proof of service form may have indicated, by preprinted text, that the unidentified agent was designated by law to accept service, but there is nothing in the record to support that assertion or otherwise meet Plaintiff's burden to show that he has properly effectuated service. Wells v. Gautreaux, 771 F. Supp. 3d 842, 849-50 (M.D. La. 2025) (checked box indicating a person was designated by law to accept service was insufficient to meet the plaintiff's burden when challenged).

There is also the fact that Mack has submitted evidence that he was no longer employed by the City at the time of the original attempt and certainly by the time of the most recent attempt in April 2026 when service papers for him were delivered to Mary Rounds in the mayor's office. Plaintiff has not demonstrated that delivery of papers to a

person associated with his former place of employment could be valid service on him in his individual or official capacities.

Plaintiff argues that service on Mr. Mack by certified mail to a Dallas office of Mayfair Management was somehow valid service. He raises an estoppel-type argument based on Mack's counsel's alleged provision of the employment-related information. Counsel provided the name of Mack's employer (but did not provide a related address) at the direction of the court, in an effort to help Plaintiff possibly locate Mack for personal service. There was no suggestion by the court or counsel that Plaintiff could simply mail service papers to Mack's place of employment and satisfy the service requirements.

Mr. Mack stated in his declaration, signed in June 2026, that he "is domiciled in the State of Louisiana and was domiciled in the State of Louisiana for the entirety of the calendar year 2025." Service by certified mail is sometimes allowed by the Louisiana long arm statute to serve a non-resident, but there is no basis for service on a Louisiana resident by certified mail. Williamwest v. Richardson, 2024 WL 3372677 (5th Cir. 2024) ("certified mail service of a complaint is not proper on defendants residing within Louisiana"); Richardson v. U. S. Fed. Bureau of Investigations, 2021 WL 1207752, *10 (W.D. La. 2021) ("service of a resident/in-state party by certified mail does not comport with Louisiana or Federal Law").

Plaintiff also invokes Texas Rule of Civil Procedure 106, which provides for methods of service that may include mailing. Federal courts have stated that an individual defendant cannot be served by mail at their place of work absent a motion supported by an

affidavit that complies with the rule. Gunter v. XTO Energy, 2026 WL 1138367, *3 (S.D. Tex. 2026). Plaintiff has presented no evidence that he complied with that requirement.

Plaintiff asserts that "multiple" attempts were made to serve Mr. Mack at his home address, but no one was home. That bare assertion, without any supporting or additional facts, is not sufficient to demonstrate good cause and warrant dragging out this process any longer. Mr. Mack's motion to dismiss should be granted by dismissing all claims against him without prejudice for lack of valid or timely service.

**Glynn Young**

Plaintiff's original effort at service on Glynn Young is reflected in a Proof of Service in which the server stated, under penalty of perjury, that she personally served him at the City's Property Standards Office. She also (somewhat inconsistently) completed the portions of the form that indicated she left the summons at his residence with "registered agent at Property Standards Office" and served the summons on Glynn Young "who is designated by law to accept service of process" on behalf of the Property Standards Office. Doc. 10, pp. 2 & 5. It appears that the server, who also completed the other returns mentioned in this report and recommendation, was not a professional process server.

Mr. Young responded with a motion to dismiss that was accompanied by his declaration pursuant to Section 1746 that he had not received a copy of the summons or complaint by personal service, did not reside at the address of the Property Standards Office, and had not appointed anyone as his agent to accept service. Plaintiff then, after the court extended the time for service, filed a second Proof of Service dated April 23, 2026 in which the server indicated that she served the summons on Mary Rounds, who is

designated by law to accept service on behalf of the City of Shreveport. Plaintiff also filed a second Proof of Service dated April 23 that stated that the service for Mr. Young was served on Hammerman & Gainer, "who is designated by law to accept service of process on behalf of Hammerman and Gainer LLC headquarters." The form indicated that this was done by certified mail, and a certified mail receipt is attached, with an indication that the item was addressed to Mr. Young at the Hammerman office in Kenner, Louisiana. Doc. 39, pp. 3-5.

Mr. Young renewed his challenges to these efforts at service. Plaintiff responded that Young was served at his place of employment associated with Hammerman & Gainer in Kenner by certified mail. It was noted above that neither federal nor Louisiana law authorizes service by certified mail on a Louisiana resident. And there is certainly no provision authorizing service by mail, certified or otherwise, to a Louisiana resident's place of employment. Plaintiff has failed to meet his burden of demonstrating valid and timely service on Mr. Young, he has not demonstrated good cause for any further extensions, and the claims against Young should be dismissed.

**Hammerman & Gainer, LLC**

Plaintiff filed a Proof of Service for Hammerman & Gainer Inc. (sic) in December 2025 that indicated the company was personally served at the City of Shreveport's Property Standards Office and served by delivery to an unidentified "registered agent" at the Property Standards Office. Doc. 10, p. 5. The company filed a motion to dismiss that was accompanied by the declaration of Mr. Young, who stated that Hammerman & Gainer, LLC has no officers, employees, or agents located at the address of the Property Standards

Office. Young added that the LLC does have an appointed agent for service of process, and that agent is located in Baton Rouge, Louisiana. Doc. 20, Ex. A. The court extended the time for Plaintiff to effect service. Plaintiff then filed a Proof of Service that indicates the LLC was served through Mary Rounds, who is alleged to have been designated by law to accept service on behalf of the company (as well as the City of Shreveport). A second Proof of Service indicates that the company was also served by certified mail delivered to its address in Kenner, Louisiana. A certified mail receipt supports that contention. Doc. 39, pp. 7-9.

A domestic unincorporated association that is subject to suit under a common name must be served by following state law for service or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4(h). Louisiana law provides that service on a domestic LLC "is made by personal service on any one of its agents for service of process." La. C.C.P. art. 1266. Other methods are allowed *if* the LLC has failed to designate an agent, the agent has resigned, etc. The Louisiana Secretary of State's online record for Hammerman & Gainer, LLC, which takes less than a minute to look up, indicates that it has a registered agent for service that is located in Baton Rouge. Plaintiff did not serve the registered agent or otherwise comply with the requirements to make valid and timely service on the LLC, nor has he demonstrated good cause to continue his failed efforts to accomplish this simple task. All claims against Hammerman & Gainer, LLC should be dismissed.

**Conclusion**

Plaintiff has not met his burden of establishing valid service on Erik Mack, Glynn Young, or Hammerman & Gainer, LLC. He continues to argue that actual notice should suffice, but service of process is a fundamental requirement, and a "defendant's actual notice of the litigation … is insufficient to satisfy Rule 4's requirements." Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988). He also argues that substantial compliance should suffice, but none of his woefully inadequate attempts at service of these defendants qualify for that label.

Plaintiff asks for even more time to make service, which requires a showing of good cause. Good cause typically requires a reasonable basis for the failure to make timely service, which requires more than inadvertence, mistake of counsel, or ignorance of the rules. Gartin v. Par Pharm. Cos., Inc., 289 Fed. Appx. 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir.1995). Gartin affirmed a district court holding that good cause was lacking when the plaintiffs blamed their lack of timely service on confusion due to similarly named companies, uncooperative defense counsel, and valid service on a related company.

Plaintiff has not articulated facts that demonstrate good cause. He has done nothing but make off-base efforts at service on these defendants, even after defense counsel and the court pointed him in the right direction. He has also wasted the court's time by attempting to support his efforts with frivolous legal arguments. No more extensions are warranted based on good cause or the discretion of the court.

Service is a basic and simple requirement of a civil action. Parties, even those who are self-represented, accomplish it every day. That Plaintiff has been unable to properly serve these defendants in the almost ten months since he filed this suit, despite direction from the court and defendants, is an indication that more time would be futile and likely result in the defendants and the court having to again attempt to decipher and assess Plaintiff's confusing and noncompliant service returns. Plaintiff is self-represented, but "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." Thrasher, 709 F.3d at 512. All claims against Erik Mack, Glynn Young, and Hammerman & Gainer, LLC should be dismissed.

Accordingly,

It is recommended that the Motions to Dismiss (Docs. 23 & 49) be granted by dismissing without prejudice all claims against Erik Mack but denied as moot with respect to the request to dismiss the City of Shreveport, the City's Property Standards Office, and Terrence Green. It is further recommended that the Motions to Dismiss (Docs. 20 & 51) be granted by dismissing without prejudice all claims against Glynn Young and Hammerman & Gainer, LLC.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2026.

Mark L. Hornsby
U.S. Magistrate Judge